IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALFONSO VELASCO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12cv1016-TMH |
| | ) | (WO) |
| UNITED STATES OF AMERICA, *et al.* | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for a writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

## I.   INTRODUCTION

The petitioner, Alfonso Velasco ("Velasco"), is incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving a 33-month sentence imposed in May 2012 by the United States District Court for the Southern District of Florida, on charges of conspiracy to commit bank fraud and bank fraud, 18 U.S.C. §§ 1349 & 1344.  Invoking the Second Chance Act of 2007, Velasco asks this court to order the Federal Bureau of Prisons ("BOP") to place him in a residential reentry center ("RRC") for the maximum time allowed for the final portion of his sentence.  Doc. No. 1 at 1-2.  In this regard, he seeks an order directing the BOP "in good faith to consider [him] on an individual basis using the five factors set forth in 18 U.S.C. § 3621(b), plus to take into account the language in 18 U.S.C. § 3624 (c)(6)(C)," and to grant him 12 months' placement in an RRC to "provide the greatest

likelihood of successful reintegration into the community."  Doc. No. 1 at 1-2.

The respondents answer that Velasco's § 2241 petition should be dismissed because he has failed to exhaust the BOP's available administrative remedies with respect to his claims.  Doc. No. 19 at 4-9.  Velasco, however, maintains that the exhaustion requirement should be excused in his case because it would be futile to pursue the BOP's administrative remedies.  Doc. No. 1 at 3-4; Doc. No. 21 at 5-7.

## II.  DISCUSSION

The Second Chance Act of 2007, in relevant part, provides:

(1)  In general.–  The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.

....

(6)  Issuance of regulations.–  The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is –

(A)   conducted in a manner consistent with section 3621(b) of this title;

(B)  determined on an individual basis; and

(C)   of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

18 U.S.C. § 3624(c).  Pursuant to the Second Chance Act, BOP staff is required to review

2

inmates for RRC placement 17 to 19 months before their projected release date, and inmates are to be individually considered using the five factors listed in § 3621(b).[1]

The respondents contend that the BOP has conducted a proper assessment of Velasco's suitability for RRC placement and has recommended that he be placed in an RRC for the final 121 to 150 days of his sentence.[2]  Doc. No. 19 at 3-4.  The respondents argue that if Velasco disagrees with this recommendation, he is obligated to follow the BOP's administrative remedy procedure.  *Id*.  It is undisputed, however, that Velasco has not attempted to pursue relief via the BOP's administrative remedies.  As noted, Velasco

---

[1] The relevant factors under § 3621(b) are:

(1)  the resources of the facility contemplated;

(2)  the nature and circumstances of the offense;

(3)  the history and characteristics of the prisoner;

(4)  any statement by the court that imposed the sentence –

    (A) concerning the purposes  for which the sentence to imprisonment was determined to be warranted; or

    (B)  recommending a type of penal or correctional facility as appropriate; and

(5)  any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

[2] Velasco was reviewed for RRC placement on November 7, 2012.  *See* Doc. No. 19-2. When he filed the instant petition, his projected release date was August 19, 2013, assuming he receives all good conduct time available.  *See* Doc. No. 19-1 at 2.

3

maintains that exhaustion should be excused because, he says, it would be futile to pursue the BOP's administrative remedies.  Doc. No. 1 at 3-4; Doc. No. 21 at 5-7.

It is well settled in this circuit that a federal prisoner who requests habeas corpus relief under 28 U.S.C. § 2241 must first exhaust his available administrative remedies before seeking relief from this court.  *See Skinner v. Wiley*, 335 F.3d 1293, 1295 (11th Cir. 2004); *Gonzalez v. United States*, 959 F.2d 211 (11th Cir. 1992).  The BOP has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court.  *See* 28 C.F.R. §§ 542.10 *et seq*.; *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990).  These regulations govern formal review of inmate complaints relating to any aspect of their imprisonment and specify the procedures that inmates must pursue before attempting to seek relief in federal court.  *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991).  If, and only if, an inmate has pursued his administrative remedies may he seek relief in federal court.  *Id*.  "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels [of the BOP's administrative remedies]."  *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Velasco has not exhausted the three-level administrative remedy process, set forth at 28 C.F.R. §§ 542.10-.15, with regard to his claims concerning his eligibility for placement in an RRC.  Therefore, he has not satisfied the requirement that he exhaust his available administrative remedies before seeking habeas corpus relief in federal court.  Moreover, Velasco has failed to establish that it would be indeed be futile to pursue the BOP's

administrative remedies.  Velasco suggests that he will be delayed in vindicating his rights if he complies with the BOP's administrative remedies program and that the time required to exhaust administrative remedies would deprive him of the full time he alleges he is entitled to serve in an RRC.  Doc. No. 1 at 3-4.  However, there are deadlines incorporated into the administrative remedies program that prevent the BOP from unreasonably delaying consideration of a request for review and any appeal therefrom.  *See, e.g.*, 28 C.F.R. § 542.18 (setting forth BOP response times at various levels of review).  Velasco further suggests that exhaustion should be excused in his case because the BOP has "predetermined" the duration of his placement in an RRC based on an erroneous understanding of the requirements of the Second Chance Act.  *See* Doc. No. 21 at 5-6.  Velasco presents no evidence in support of this cursory allegation, and the cases he cites as support are inapposite to the facts and issues in his case.

Velasco has not established circumstances justifying waiver of the exhaustion requirement.  Therefore, dismissal of Velasco's § 2241 petition for failure to exhaust administrative remedies is warranted.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief should be DISMISSED without prejudice because Velasco has failed to exhaust administrative remedies in accordance with the procedures established by the BOP.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before April 30, 2013. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of April, 2013.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE